Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6279 | DATE 12-18-07 | 12-18-07 |
| CASE TITLE | Juan Robles (K-64465) v. Thomas | | |

**DOCKET ENTRY TEXT:**

Plaintiff Juan Robles's motion to proceed *in forma pauperis* [3] is granted. The Court finds that plaintiff is unable to prepay the $350 filing fee and assesses an initial partial filing fee of $7.00. The prisoner trust fund account officer at the Southwestern Correctional Center is directed to deduct from plaintiff's trust fund account, when funds exists, $7.00 as an initial partial payment of the filing fee and to continue making deductions in accordance with this order until plaintiff has paid the full $350 filing fee. Plaintiff is allowed to proceed with his claims against Chicago Police Officers M. J. Thomas (Badge # 8796) and N. Sanchez (Badge # 4243). The clerk shall issue summonses for these defendants, and the United States Marshals Service shall serve these defendants. The Chicago Police Department is dismissed as a defendant, and is terminated as a party to this case. The clerk shall forward this order to the trust account officer at the Southwestern Correctional Center, and shall forward to plaintiff Instructions for Submitting Documents in this court, along with a copy of this order. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ **[For further details see text below.]** Docketing to mail notices.

## STATEMENT

Plaintiff, Juan Robles (K-64465), currently incarcerated at Southwestern Correctional Center, has filed a 42 U.S.C. § 1983 complaint against Chicago Police Officers M.J. Thomas and N. Sanchez. Plaintiff argues that the defendants beat him while arresting him on April 4, 2007.

Upon consideration of plaintiff's application, the Court finds that plaintiff is unable to prepay the $350 and grants him *in forma pauperis* status. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $7.00. The supervisor of inmate trust accounts at the Southwestern Correctional Center is authorized to collect, when funds exist, $7.00 as an initial filing fee and monthly partial payments of the filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. The monthly amount collected shall be equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Southwestern Correctional Center inmate trust account office shall notify state correctional authorities of any outstanding balance in the event plaintiff is transferred to another state correctional facility.

**(CONTINUED)**

isk

**STATEMENT (continued)**

A preliminary review of plaintiff's complaint, *see* 28 U.S.C. § 1915A, reveals that plaintiff may proceed forward with his claims against Chicago Police Officers M.J. Thomas and N. Sanchez. *See Tibbs v. City of Chicago*, 469 F.3d 661, 664-65 (7th Cir. 2006); *see also Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). Plaintiff also names as a defendant the Chicago Police Department, which is not a suable party. *Chan v. City of Chicago*, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991). The Chicago Police Department is dismissed as a defendant in this case.

The United States Marshals Service is appointed to serve Chicago Police Officers M. J. Thomas (Badge # 8796) and N. Sanchez (Badge # 4243). Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who can no longer be found at the work address provided by plaintiff, officials with the Chicago Police Department shall furnish the Marshal with defendants' last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the prisoner correspondent. In addition, plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

Plaintiff's motion for the appointment of counsel is denied at this time. Although civil litigants do not have a statutory or constitutional right to counsel, this Court may appoint counsel at any time during the proceedings if the complexity of the case and the plaintiff's inability to litigate the case himself demonstrate that counsel would provide a substantial benefit. *Pruitt v. Mote*, 503 F.3d 647, 654-56 (7th Cir. 2007).; *see also Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). In this case, however, the plaintiff has not demonstrated that he has made any efforts to obtain counsel or that he was prevented from doing so, *Gil v. Reed*, 381 F.3d at 656; nor does his case, at this early stage, involve complex discovery or an evidentiary hearing. The appointment of counsel is not warranted at this stage of the case. *See Pruitt v. Mote*, 503 F.3d at 654-56; *Gil v. Reed*, 381 F.3d at 656; *Maclin v. Freake*, 650 F. 2d 885, 887 (7th Cir. 1991).