IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBLES, JUAN, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 07 C 6279 |
| | ) | |
| v. | ) | HON. JUDGE DARRAH |
| | ) | Judge Presiding |
| CHICAGO POLICE DEPARTMENT, | ) | |
| Chicago Police Officer, THOMAS #8796 and, | ) | MAGISTRATE JUDGE DENLOW |
| Chicago Police Officer; SANCHEZ # 4243; | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants, Michael THOMAS, and Nelly SANCHEZ("Defendants"), by one of their

attorneys, Thomas Freitag, Assistant Corporation Counsel of the City of Chicago, respectfully

request this Honorable Court dismiss plaintiff's claim for false arrest for failure to state a claim,

pursuant to Fed.R.Civ.P. 12(b)(6).  In support of the motion, defendants state as follows:

### INTRODUCTION

Plaintiff's claim for false arrest must be dismissed with prejudice because plaintiff was

found guilty of the underlying arrest he now claims is unconstitutional.  On December 18, 2007,

plaintiff filed a *pro se* complaint which alleges that on April 4, 2007, he was arrested by Chicago

Police Officers Michael Thomas and Nelly Sanchez and further, appears to allege that he was a

falsely arrested and that Defendants used excessive force on him. (*See* Plaintiff's Complaint

attached hereto as Exhibit A).  It appears from plaintiff's complaint that he is claiming that he

was doing nothing wrong and there was no reason to arrest him. (*Id* at p. 6-7). However, Plaintiff

was indicted on April 4, 2007 for four counts of aggravated battery to a peace officer, and two

counts of resisting/obstructing an officer  (*See* Id. P. 7, and Certified Copy of Conviction and

Disposition, *People of the State of Illinois v. Juan Robles*, 07 CR 0830301, attached hereto as

Exhibit B)[1].   On June 25, 2007, plaintiff pled guilty, and was found guilty of aggravated battery

to a peace officer. (Id). Therefore, plaintiff's false arrest claim should be dismissed.


### STANDARD OF REVIEW

A district court generally should dismiss a complaint under Fed. R. Civ. P. 12(b)(6) if the

plaintiff does not meet the burden of showing that the allegations create not just a possibility, but

the plausibility of entitlement to relief. *Bell Atlantic v. Twombly*, __ U.S. __, 127 S.Ct.1955,

1964, 167 L.Ed.2d 929 (2007). The allegations in a complaint must plausibly suggest that the

plaintiff has a right to relief, raising the possibility above, a speculative level; if they do not the

plaintiff pleads themselves of court. *EEOC v. Concentra Health Sevrices*, 496 F.3d 773, 776 (7th

Cir. 2007). The Seventh Circuit has stated that "it is not enough for a complaint to avoid a

foreclosing possible basis for relief, it must actually suggest that the plaintiff has a right to

relief…". *Id.* at 777 (Citing *Bell Atlantic Corp.,* at 1968-69). A complaint must provide

allegations that raise a right to relief above the speculative level. *Id.* at 777 (Citing *Bell Atlantic

Corp.,* at 1965). Only factual allegations should be considered, and a district court may freely

reject allegations that are nothing more than legal conclusions. *Reichenberger v. Pritchard*, 660

F.2d 280, 282 (7th Cir. 1981).

---

 1. Submission of a Certified Statement of Conviction/Disposition does not require that this
Court convert defendant's motion to dismiss under F.R.C.P. 12(b)(6) into one for summary
judgment.  See Brown v. Campbell, 1995 WL 229033, at *3 n. 2 (N.D. Ill. April 14, 1995) (citing
Venture Assoc. Corp v. Zenith Data Systems, Inc., 987 F.2d 429, 431 (7th Cir. 1993); Romani v.
Shearson Lehman Hutton, 929 F.2d 875, 879 n. 3 (1st Cir.1991)).

**ARGUMENT**

PLAINTIFF'S COMPLAINT IS BARRED BY HECK.

Plaintiff's claims in this lawsuit are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny.  Heck is grounded in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id.* at 484 (citation omitted).  Specifically, Heck holds that before a section 1983 plaintiff may recover damages for alleged harm "caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must first prove that his conviction or sentence has been reversed, expunged, or called into question by the grant of a petition for habeas corpus."  *Id.* at 486-87. The rule is intended to prevent "collateral attack on [a] conviction through the vehicle of a civil suit." *Id.* at 484.  Since section 1983 "creates a species of tort liability," the Heck rule underscores "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ."  *Id.* at 483-484 (citation omitted).

Under Heck , a judgment in favor of the plaintiff in this case would necessarily imply the invalidity of his conviction or sentence, and thus the false arrest claim  must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 487.  Here, plaintiff was found guilty, on June 25, 2007, after a guilty plea, of aggravated battery to a peace officer, the same arrest he now attacks as unconstitutional.   Accordingly, because Plaintiff has not yet demonstrated that his conviction is invalid, and because a civil judgment in his favor on his false arrest claim would necessarily imply the invalidity of those convictions, under Heck and its progeny, this court should dismiss plaintiff's false arrest claim.

**CONCLUSION**

Plaintiff's false arrest claim is barred by Heck.  Plaintiff was found guilty of aggravated battery to a peace officer, the same arrest he now attacks as unconstitutional.  For this reason, plaintiff's false arrest claim should be dismissed with prejudice.

WHEREFORE, Defendants, Michael Thomas, and Nelly Sanchez respectfully request this Honorable Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's claim of false arrest, and grant any other relief this court deems appropriate.

Respectfully submitted,

MICHAEL THOMAS,
And NELLY SANCHEZ,

By one of their attorneys,

30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602                      */s/ Thomas H. Freitag*
(312) 742-7391                               Thomas H. Freitag
Atty. No. 6272245                            Assistant Corporation Counsel