# EXHIBIT A

FILED  MB
DECEMBER 18, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED AE
NOV 08 2007
NOV 06 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUAN ROBLES, K64465
_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

CHICAGO POLICE DEPARTMENT

CPD OFFICER THOMAS, Badge #8796

CPD OFFICER SANCHEZ, Badge #4243

_____

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

07CV6279
JUDGE DARRAH
MAG. JUDGE DENLOW

Case No: _____
(To be supplied by the Clerk of this Court)

CHECK ONE ONLY:

__XXX__   COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code (state, county, or municipal defendants)

_____   COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331(a) U.S. Code (federal defendants)

_____   OTHER (cite statute, if known)

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.

1

I. **Plaintiff(s):**

    A. Name: Juan Robles

    B. List all aliases:

    C. Prisoner Identification number: K64465

    D. Place of present confinement: Vandalia Correctional Center

    E. Address: Route 51 N. PO Box 500 Vandalia, IL 62471

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

    A. Defendant: Chicago Police Department

    Title: Supervising Authority

    Place of Employment: 3510 S. Michigan Ave. Chicago, IL 60653

    B. Defendant: Officer M. J. Thomas, Badge #8796

    Title: City of Chicago Police Officer

    Place of Employment: Chicago Police Department

    C. Defendant: Officer N. Sanchez, Badge #4243

    Title: City of Chicago Police Officer

    Place of Employment: Chicago Police Department

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

III. Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

    A. Is there a grievance procedure available at your institution?

        YES (xx)   NO ( )   If there is no grievance procedure, skip to F.

    B. Have you filed a grievance concerning the facts in this complaint?

        YES (xx)   NO ( )

    C. If your answer is YES:

        1. What steps did you take?
        Reported abuse to OPS Chicago PD

        2. What was the result?
        Investigation begun

        3. If the grievance was not resolved to your satisfaction, did you appeal?
        As yet unresolved
What was the result (if there was no procedure for appeal, so state.)

        ongoing

    D. If your answer is NO, explain why not:
        Investigation ongoing

E. Is the grievance procedure now completed? YES ( ) NO ( )
   Unknown

F. If there is no grievance procedure in the institution, did you complain to authorities? YES ( ) NO ( )

G. If your answer is YES:

   1. What steps did you take?
   _____
   _____
   _____

   2. What was the result?
   _____
   _____
   _____

H. If your answer is NO, explain why not:
   _____
   _____
   _____

4

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: _____ N/A _____

B. Approximate date of filing lawsuit: _____

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

D. List all defendants: _____

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

F. Name of judge to whom case was assigned: _____

G. Basic claim made: _____

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____

H. Approximate date of disposition: _____

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

V. Statement of Claim:

## NARRATIVE OF INCIDENT LEADING TO COMPLAINT

On April 4, 2007, my fiancee and I were at my grandmother's house in Chicago helping her prepare for the homecoming of my uncle. My grandmother asked if we were hungry, to which we replied, yes. She indicated that to cook the meat that she had, she would need some spice from the store and asked if I would run and get it. My fiancee also needed some baby food, so we both got in the car and drove to the La Chiquita grocery store located at 2611 S. Central Park at around 10:30 PM.

Upon arrival, my fiancee, who was driving, parked facing north, two cars away from the alley. This afforded her a clear line of sight with the intersection that was only two car lengths away. Since she was 3 months pregnant, she decided to stay in the car while I ran into the store, she asked me to hurry since she didn't want to sit in the car alone for very long.

As I was walking into the store, a friend I hadn't seen in about 14 months, Joel Naverette, saw me and said hello and then accompanied me into the store while we were conversing. I got the items I needed, paid for them and exited the store still in his company. As we approached my finacee's car, still talking, a Chicago Police, marked squad car screeched to a stop facing north about two car lengths away from our car, still in full view of my fiancee. Two officers exited the vehicle and approached Joel and I. The officers, a male (Officer Thomas) and a female (Officer Sanchez) came up to us and Officer Thomas told me "Come here dickhead!"

I was still holding my groceries, which he caused me to drop as he handcuffed me and threw me against the squad car. As he was holding me against the car, he was looking over my right shoulder and said "You fucking Kings think you're tough", repeating this over and over. I looked up at him and asked him what his problem was and he answered by hitting me on the right side of my head between my cheek and temple. My knees buckled and I fell against the car and fell to the ground. After I got up, Officer Thomas opened the rear door of the squad car and pushed me in. He shut the door behind me, then joined Officer Sanchez who was searching Joel. At no time did they cuff Joel. Officer Thomas returned to the car and opened the door. I thought he was going to let me go, but instead, he opened the door, then punched me in the left eye and slammed the door again without a word.

As my vision cleared, I saw Officer Thomas searching the alley and curb area with his flashlight. He then returned to the car, opened the passenger rear door, I scooted as far over to the driver's side as I could, fearing that he would hit me again. He climbed in the rear seat with me and began hitting me with his police baton. He hit me three times on the head with this metal stick. I put my head down, guarding it as best I could while handcuffed, and kept saying "alright, alright" hoping that he would see that as a sign of acquiescence and stop hitting me. I still didn't know why he was hitting me.

Officer Thomas left and re-joined Officer Sanchez and they let Joel leave and he walked down the alley away from us. Joel looked back and shook his head as he walked away. After I saw him leave, I just leaned against the door and cried. Officer Sanchez opened the door I was leaning against and I fell out of the car. Officer Sanchez told her partner "Get this fucking asshole off me" and pulled her foot out from under me. Officer Thomas picked me up off the ground and started punching me in the head and body. More officers began arriving and they threw me in the car. The other officers spoke with Sanchez and Thomas for a few minutes, then left.

1

Officers Thomas and Sanchez then got in the front seat of the squad car, did a few things, then drove me to the police station.

At the station, a different officer uncuffed me and then re-cuffed me to the bench. After awhile, two other officers came and took me to a hospital and sat with me in the examining room. The officers told me if I signed a refusal for treatment, they were going to let me go in a few hours with a Disorderly Conduct ticket. I told them I would do that, having been in trouble before and knowing that if I didn't press the issue of the beating, the police were likely to just release me. After signing the refusal, I told the officers "I understand that officers make mistakes and have bad days too, look at me."

I was returned to the station and put in a holding cell. Some other officers came in later and asked me what happened. I asked them if I was going home today and they said "No, it doesn't work like that." I told them that the other officers told me that I would be going home in awhile. The responded that I was going to Cook County Jail for Aggravated Battery of a Police Officer. After that, I told them I wanted a lawyer.

While I was being booked and processed, my fiancee was able to retrieve our bag full of groceries with the receipt and called the Office of Proffessional Services, O.P.S., the investigative arm of the Chicago Police Department that looks into allegations of police abuse. The call was made by Olga Aguilera who was helping keep my fiancee calm. O.P.S. said that they would investigate, but to date hasn't to the best of my knowledge.

When I arrived at Cook County, the Sheriff's deputies made me sign a paper stating that I was remanded to their custody already beat up. O.P.S. pulled me out of the processing line for pictures, but I have not heard anything since.

VI. Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I would like for the officers involved in this miscarriage of justice to be held accountable for their actions and to know that being a Hispanic is not automatically an indication that a person is involved in gang-related activities. For pain, suffering, anguish and actual injuries maliciously imparted and negligently ignored, the sum of $2,000,000.

I declare under penalty of perjury that all facts given in the complaint are true and correct.

Signed this 31st day of October, ~~19~~ 2007

*Juan Robles* (signature)

Juan Robles, K64465

_____
(Signature of plaintiff or plaintiffs)

K64465
(I.D. Number)

PO Box 500

Vandalia, IL 62471

(Address)

8

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6279 | DATE | 12-18-07 |
| CASE TITLE | Juan Robles (K-64465) v. Thomas | | |

**DOCKET ENTRY**

Plaintiff Juan Robles's motion to proceed *in forma pauperis* [3] is granted. The Court finds that plaintiff is unable to prepay the $350 filing fee and assesses an initial partial filing fee of $7.00. The prisoner trust fund account officer at the Southwestern Correctional Center is directed to deduct from plaintiff's trust fund account, when funds exists, $7.00 as an initial partial payment of the filing fee and to continue making deductions in accordance with this order until plaintiff has paid the full $350 filing fee. Plaintiff is allowed to proceed with his claims against Chicago Police Officers M. J. Thomas (Badge # 8796) and N. Sanchez (Badge # 4243). The clerk shall issue summonses for these defendants, and the United States Marshals Service shall serve these defendants. The Chicago Police Department is dismissed as a defendant, and is terminated as a party to this case. The clerk shall forward this order to the trust account officer at the Southwestern Correctional Center, and shall forward to plaintiff Instructions for Submitting Documents in this court, along with a copy of this order. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [For further details see text below.]

Docketing to mail notices.

### STATEMENT

Plaintiff, Juan Robles (K-64465), currently incarcerated at Southwestern Correctional Center, has filed a 42 U.S.C. § 1983 complaint against Chicago Police Officers M.J. Thomas and N. Sanchez. Plaintiff argues that the defendants beat him while arresting him on April 4, 2007.

Upon consideration of plaintiff's application, the Court finds that plaintiff is unable to prepay the $350 and grants him *in forma pauperis* status. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $7.00. The supervisor of inmate trust accounts at the Southwestern Correctional Center is authorized to collect, when funds exist, $7.00 as an initial filing fee and monthly partial payments of the filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. The monthly amount collected shall be equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Southwestern Correctional Center inmate trust account office shall notify state correctional authorities of any outstanding balance in the event plaintiff is transferred to another state correctional facility.
(CONTINUED)

A TRUE COPY - ATTEST
MICHAEL W. DOBBINS, CLERK
BY: Maya Butler
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE: 12-21-07

isk

Page 1 of 2

| STATEMENT (continued) |
|---|

A preliminary review of plaintiff's complaint, *see* 28 U.S.C. § 1915A, reveals that plaintiff may proceed forward with his claims against Chicago Police Officers M.J. Thomas and N. Sanchez. *See Tibbs v. City of Chicago*, 469 F.3d 661, 664-65 (7th Cir. 2006); *see also Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). Plaintiff also names as a defendant the Chicago Police Department, which is not a suable party. *Chan v. City of Chicago*, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991). The Chicago Police Department is dismissed as a defendant in this case.

The United States Marshals Service is appointed to serve Chicago Police Officers M. J. Thomas (Badge # 8796) and N. Sanchez (Badge # 4243). Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who can no longer be found at the work address provided by plaintiff, officials with the Chicago Police Department shall furnish the Marshal with defendants' last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the prisoner correspondent. In addition, plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

Plaintiff's motion for the appointment of counsel is denied at this time. Although civil litigants do not have a statutory or constitutional right to counsel, this Court may appoint counsel at any time during the proceedings if the complexity of the case and the plaintiff's inability to litigate the case himself demonstrate that counsel would provide a substantial benefit. *Pruitt v. Mote*, 503 F.3d 647, 654-56 (7th Cir. 2007).; *see also Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). In this case, however, the plaintiff has not demonstrated that he has made any efforts to obtain counsel or that he was prevented from doing so, *Gil v. Reed*, 381 F.3d at 656; nor does his case, at this early stage, involve complex discovery or an evidentiary hearing. The appointment of counsel is not warranted at this stage of the case. *See Pruitt v. Mote*, 503 F.3d at 654-56; *Gil v. Reed*, 381 F.3d at 656; *Maclin v. Freake*, 650 F. 2d 885, 887 (7th Cir. 1991).

# EXHIBIT B

```
          IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 001

      PEOPLE OF THE STATE OF ILLINOIS

                      VS              NUMBER 07CR0830301

      JUAN        ROBLES

              CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
with the Clerk of the Circuit Court.

Charging the above named defendant with:

   720-5/12-4(b)(18)                        F       AGG BTRY/HARM/PEACE OFFICER
   720-5/12-4(b)(18)                        F       AGG BTRY/HARM/PEACE OFFICER
   720-5/12-4(b)(18)                        F       AGG BTRY/HARM/PEACE OFFICER
   720-5/12-4(b)(18)                        F       AGG BTRY/HARM/PEACE OFFICER
   720-5/31-1(a-7)                          F       RESIST/OBSTRUCT OFFICER/INJURY
   720-5/31-1(a-7)                          F       RESIST/OBSTRUCT OFFICER/INJURY
The following disposition(s) was/were rendered before the Honorable Judge(s):


04/26/07 IND/INFO-CLK OFFICE-PRES JUDGE            05/11/07 1701
05/11/07 CASE ASSIGNED                             05/11/07 1705
     BIEBEL, PAUL JR.
05/11/07 DEFENDANT IN CUSTODY                      00/00/00
     GAINER THOMAS V JR.
05/11/07 DEFENDANT IN CUSTODY                      00/00/00
     FLEMING, JOHN J.
05/11/07 PRISONER DATA SHEET TO ISSUE              00/00/00
     FLEMING, JOHN J.
05/11/07 APPEARANCE FILED                          00/00/00
     FLEMING, JOHN J.
05/11/07 DEFENDANT ARRAIGNED                       00/00/00
     FLEMING, JOHN J.
05/11/07 PLEA OF NOT GUILTY                        00/00/00
     FLEMING, JOHN J.
05/11/07 CONTINUANCE BY AGREEMENT                  06/14/07
     FLEMING, JOHN J.
06/14/07 DEFENDANT IN CUSTODY                      00/00/00
     FLEMING, JOHN J.
06/14/07 PRISONER DATA SHEET TO ISSUE              00/00/00
     FLEMING, JOHN J.
06/14/07 CONTINUANCE BY AGREEMENT                  06/25/07
     FLEMING, JOHN J.
06/25/07 DEFENDANT IN CUSTODY                      00/00/00
     FLEMING, JOHN J.
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 002

PEOPLE OF THE STATE OF ILLINOIS

                     VS              NUMBER 07CR0830301

   JUAN       ROBLES

           CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
06/25/07 PLEA OF GUILTY                        C001 00/00/00
      FLEMING, JOHN J.
06/25/07 JURY WAIVED                                00/00/00
      FLEMING, JOHN J.
06/25/07 FINDING OF GUILTY                     C001 00/00/00
      FLEMING, JOHN J.
06/25/07 PRESENTENCE INVESTIGATION WAIV             00/00/00
      FLEMING, JOHN J.
06/25/07 STRICKEN OFF - LEAVE REINSTATE        C002 00/00/00
      FLEMING, JOHN J.
06/25/07 NOLLE PROSEQUI                        C003 00/00/00
      FLEMING, JOHN J.
06/25/07 NOLLE PROSEQUI                        C004 00/00/00
      FLEMING, JOHN J.
06/25/07 NOLLE PROSEQUI                        C005 00/00/00
      FLEMING, JOHN J.
06/25/07 DEF SENTENCED ILLINOIS DOC            C001 00/00/00
           4 YRS
      FLEMING, JOHN J.
06/25/07 CREDIT DEFENDANT FOR TIME SERV             00/00/00
           92 DYS
      FLEMING, JOHN J.
06/25/07 BAIL REVOKED                               00/00/00
      FLEMING, JOHN J.
06/25/07 DEF FINE SATISFIED TIME SERVE         C001 00/00/00
      FLEMING, JOHN J.
06/25/07 DEF ADVISED OF RIGHT TO APPEAL             00/00/00
      FLEMING, JOHN J.
06/25/07 LET MITTIMUS ISSUE/MITT TO ISS             00/00/00
      FLEMING, JOHN J.
06/25/07 CHANGE PRIORITY STATUS                M    00/00/00
      FLEMING, JOHN J.

                              I hereby certify that the foregoing has
                              been entered of record on the above
                              captioned case.
                              Date 07/11/08

                              _____
                                        DOROTHY BROWN
                              CLERK OF THE CIRCUIT COURT OF COOK COUNTY